UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY COLLINS,

    Plaintiff,

v.

Civil Case No. 22-10274
Honorable Linda V. Parker

DETROIT RADIATOR CORP.,
LIBERTY MUTUAL INSURANCE CO.,
ATTORNEY DONALD H. HANNON,
ATTORNEY STEPHEN P. BROWN, and
MARY GLASSFORD,

    Defendants.
_____/

## OPINION AND ORDER REQUIRING PLAINTIFF TO FILE AMENDED COMPLAINT

On February 9, 2022, Plaintiff filed this lawsuit against Defendants and an application to proceed in forma pauperis.

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint set forth a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief sought. A complaint must contain sufficient factual matter, that when accepted as true, "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556).

Generally, a less stringent standard is applied when construing the allegations pleaded in a *pro se* complaint. *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596 (1972). Even when held to a less stringent standard, however, Plaintiff's Complaint fails to satisfy Rule 8.

As an initial matter, the Complaint does not reflect that the Court has subject matter jurisdiction. "It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "Unlike state trial courts, [federal courts] do not have general jurisdiction to review questions of federal and state law, but only the authority to decide cases that the Constitution and Congress have empowered them to resolve." *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). As a general rule, federal courts have jurisdiction only over matters arising under the Constitution, laws, or treaties of the United States, 18 U.S.C. § 1331, or where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states, 18 U.S.C. § 1332. Complete diversity exists only when "no plaintiff and no defendant are citizens of the same state." *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999) (citing *United States Fidelity & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir. 1992)); *see also* 28 U.S.C. § 1332(a)(1).

Diversity is lacking as Plaintiff identifies himself, as well as three of the named Defendants, as Michigan citizens. Plaintiff appears to be alleging only state law claims of fraud, although it is difficult to discern what Plaintiff is claiming as his pleading fails to comply with the requirements of Rule 8. The Complaint is devoid of any factual

allegations.  Plaintiff does not describe conduct by each named Defendant, how the conduct is unlawful, a timeframe of when the alleged violations occurred, or plainly what injury to Plaintiff resulted.  Absent such information, Plaintiff's pleading does not provide notice to Defendants of what he is alleging in this lawsuit.

Moreover, it appears that Plaintiff may be challenging previous State court proceedings.  To the extent he is, federal courts generally lack jurisdiction to review and determine the validity of state court judgments.  *See, e.g. Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005) ("emphasiz[ing] that appellate jurisdiction to reverse or modify a state-court judgment is lodged, initially by § 25 of the Judiciary Act of 1789, 1 Stat. 85, and now by 28 U.S.C. § 1257, exclusively in [the United States Supreme Court.").  Instead, review of final determinations in state judicial proceedings can be obtained only in the United States Supreme Court.  28 U.S.C. § 1257.

Therefore, **within fourteen (14) days** of this Opinion and Order, Plaintiff shall file an amended complaint in compliance with Federal Rule of Civil Procedure Rule 8 or this action will be dismissed without prejudice.[1]

**IT IS SO ORDERED**.

February 11, 2022

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

---

[1] There is a clinic at the courthouse available to assist pro se parties. Information about the clinic is available at *http://www.mied.uscourts.gov/PDFFIles/Pro_Se_Clinic_2019.pdf*. Representatives at the clinic may be able to assist Plaintiff in responding to this Order.

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 11, 2022, by electronic and/or U.S. First Class mail.

                                                               s/Aaron Flanigan
                                                               Case Manager