UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY COLLINS,

    Plaintiff,

v.

    Civil Case No. 22-10274
    Honorable Linda V. Parker

DETROIT RADIATOR CORP.,
LIBERTY MUTUAL INSURANCE CO.,
ATTORNEY DONALD H. HANNON,
ATTORNEY STEPHEN P. BROWN, and
MARY GLASSFORD,

    Defendants.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE

On February 9, 2022, Plaintiff filed this lawsuit against Defendants and an application to proceed in forma pauperis. On February 11, 2022, the Court ordered Plaintiff to file an amended complaint because his initial complaint did not satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure or reflect federal subject matter jurisdiction. (ECF No. 4.) The Court set a fourteen-day deadline for Plaintiff to file an amended complaint and warned Plaintiff that the matter would be dismissed without prejudice if he failed to file a pleading complying with Rule 8. (*Id.* at Pg ID 14.) Plaintiff was informed of the pro se

clinic at the courthouse and its availability to assist him with these proceedings. (*Id.* at Pg ID 14 n.1.)

Plaintiff failed to file an amended complaint by the fourteen-day deadline. On March 7, he submitted a document reflecting the filing of an "Amended Complaint" in state court, with an attached pleading. (ECF No. 9.) However, this document is of such poor quality that it cannot be read and, in any event, the header suggests that it is the original complaint he filed here. (ECF No. 9.) Plaintiff also has filed several requests for clerk's entry of default judgment (ECF Nos. 6, 10), documents from state criminal proceedings (ECF Nos. 11, 14, 15), and "letters" (ECF Nos. 12, 13). None of these submissions, however, could be construed as an amended complaint. Nor do they suggest that this Court has subject matter jurisdiction over any claims he may have. Further, from what Plaintiff has filed, it continues to appear that he has filed this lawsuit to challenge previous State court proceedings. To the extent he has, federal courts generally lack jurisdiction to review and determine the validity of state court judgments. *See, e.g. Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005) ("emphasiz[ing] that appellate jurisdiction to reverse or modify a state-court judgment is lodged, initially by § 25 of the Judiciary Act of 1789, 1 Stat. 85, and now by 28 U.S.C. § 1257, exclusively in [the United States Supreme Court.").

Instead, review of final determinations in state judicial proceedings can be obtained only in the United States Supreme Court. 28 U.S.C. § 1257.

For these reasons, the Court is **SUMMARILY DISMISSING** this action **WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2).

**IT IS SO ORDERED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: March 18, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 18, 2022, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan  
Case Manager